Garrett Charity (Bar #285447)
Garrett.Charity@McCarthyLawyer.com
McCarthy Law PLC
4250 N. Drinkwater Blvd., Ste. 320
Scottsdale, Arizona 85251
Phone: 602-456-8900
Fax: 602-218-4447

Attorney for Plaintiff
Roberto Flores

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO FLORES,<br><br>     Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC; and EQUIFAX INFORMATION SERVICES, LLC.<br><br>     Defendants. | Case No.: 2:21-cv-5120<br><br>**Complaint for Damages:**<br>  1. **Violation of Fair Credit Reporting Act**<br>  2. **Violation of Fair Debt Collection Practices Act**<br>  3. **Violation of California Rosenthal Fair Debt Collection Practices Act** |

Plaintiff, Roberto Flores, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I.        INTRODUCTION

1.        This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act (FDCPA), and the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA") whereby Plaintiff discovered inaccurate information reporting on his consumer credit report, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II.        PARTIES

2.        Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Los Angeles, California.

3.      At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681(a)(c).

4.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5.      Plaintiff is an alleged "debtor" as defined by Cal. Civ. Code § 1788.2(h).

6.      Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC ("Portfolio") is and at all times relevant hereto was a lending institution regularly doing business in the State of California.

7.      At all times pertinent hereto, Defendant Portfolio was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

8.      Defendant, Portfolio, is a "person" as that term is defined in Cal. Civ. Code § 1788.2(g).

9.      Defendant, Portfolio, was at all relevant times engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(d).

10.      Defendant, Portfolio, is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal Civ Code § 1788.2(c).

11.      Defendant, Equifax Information Services LLC ("Equifax"), is a credit reporting agency, licensed to do business in California and has designated the following registered statutory agent: THE PRENTICE-HALL CORPORATION SYSTEM, INC (C0257078), 2710 Gateways Oaks Drive Suite 150N Sacramento, CA 95833.

12.      Defendant Equifax is, and at all times relevant hereto was, regularly doing business in the State of California.

13.      Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

14.      Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

15.     At all times pertinent hereto, Defendant Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f) and Cal. Civ. Code § 1788.2(g).

### III.        JURISDICTION AND VENUE

16.     That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

17.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Los Angeles County, California and Defendants do business in California.

18.     Personal jurisdiction exists over Defendants as Plaintiff resides in California, Defendants have the necessary minimum contacts with the state of California, and this suit arises out of specific conduct with Plaintiff in California.

### IV.        FACTUAL ALLEGATIONS

19.     Plaintiff is a consumer who is the victim of inaccurate reporting by Defendant Portfolio, and Equifax (collectively, "Defendants"), and has suffered particularized and concrete harm.

20.     Equifax, Experian, and Transunion are the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681(a)(f).

21.     The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

22.     Equifax, Experian, and TransUnion have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy."  15 U.S.C. §1681(e)(B).

23.     In April of 2021, Plaintiff obtained his credit report from Equifax.

24.     Plaintiff reviewed his Equifax consumer report for accuracy and discovered that Equifax was reporting a duplicate Portfolio account on his Equifax consumer report.

25.     The Plaintiff only has one Portfolio account HSBC-XXXXXXXXXXXXXX (the "Account").

26.     The Debt arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

27.     Portfolio acquired the Debt after it was allegedly in default.

28.     Portfolio uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

29.     Portfolio regularly collects or attempts to collect, directly or indirectly, debts once owed or due, or once asserted to be owed or due, another.

30.     Defendant Portfolio continues erroneously to report the Account in duplicate with a balance due and owing inclusive of late fees and penalties, and a collection status to Equifax which is a CRA and which reported a duplicate balance owed on the Account on Plaintiff's consumer report.

31.     The false information regarding the Account appearing in duplicate on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

### PLAINTIFF'S WRITTEN DISPUTE

32.     On or about April 26, 2021, Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Equifax consumer report.

33.     Upon information and belief, Equifax forwarded Plaintiff's Equifax Dispute to Defendant Portfolio.

34.     Upon information and belief, Portfolio received notification of Plaintiff's Equifax Dispute from Equifax.

35.     Upon information and belief, Portfolio verified the erroneous information associated with the Account to Equifax.

36.     Portfolio did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

37.     Equifax did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

38.     Upon information and belief, Portfolio failed to instruct Equifax to remove the false information regarding the Account reporting on Plaintiff's consumer reports.

39.     Equifax employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Equifax Dispute.

40.     At no point after receiving the Equifax Dispute did Portfolio or Equifax, communicate with Plaintiff to determine the veracity and extent of Plaintiff's Equifax Dispute.

41.     Equifax relied on their own judgment and the information provided to them by Portfolio, rather than grant credence to the information provided by Plaintiff.

### COUNT I – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

42.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

43.     After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

44.     Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Equifax published and maintained concerning Plaintiff.

45.     As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

46.     Defendant Equifax 's conduct, action, and inaction were willful, rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

47.     In the alternative, Defendant Equifax was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

48.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT II – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

49.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

50.     After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

51.     Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

52.     As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

53.     Defendant Equifax 's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

54.     In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

55.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT III – PORTFOLIO

### Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

56.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

57.     After receiving the Equifax Dispute, Portfolio failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

58.     Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Portfolio's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Portfolio's representations to consumer credit reporting agencies, among other unlawful conduct.

59.     As a result of this conduct, action, and inaction of Defendant Portfolio, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

60.     Defendant Portfolio's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

61.     In the alternative, Defendant Portfolio was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

62.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Portfolio pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### COUNT IV – Portfolio

### Fair Debt Collection Practices Act Violation – 15 U.S.C. § 1692e

63.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

64.     Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

65.     "The FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation."  Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 (3d Cir. 2011).

66.    "It is a remedial statute that we 'construe . . . broadly, so as to effect its purpose.'" Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) (quoting Brown v. Card Serv. Ctr., 464 F.3d 450, 453 (3d Cir. 2006)).

67.    More broadly, the FDCPA was enacted in order to eliminate abusive debt collection practices, which contribute to the number of personal bankruptcies, marital instability, loss of employment, and invasions of privacy as well as insure that debt collectors who refrain from using such practices are not competitively disadvantaged. See, e.g., 15 U.S.C. § 1692(a), (e); Lesher v. Law Offices of Mitchell N. Kay, PC, 650 F.3d 993, 996 (3d Cir.2011); Wilson, 225 F.3d at 354.

68.    "[C]ourts have analyzed the statutory requirements [of the FDCPA] 'from the perspective of the least sophisticated debtor.'  This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor."  Campuzano-Burgos v. Midland Credit Management, Inc., 550 F.3d 294, 298 (3d Cir. 2008) (quoting Rosenau, 539 F.3d at 221); see also Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993) ("The basic purpose of the 'least-sophisticated consumer' standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.").

69.    "The basic purpose of the least-sophisticated [debtor] standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.  This standard is consistent with the norms that courts have traditionally applied in consumer-protection law."  Caprio v. Healthcare Revenue Recovery Grp., LLC, 709 F.3d 142, 148-49 (3d Cir. 2013) (quoting Lesher, 650 F.3d at 997).

70.    The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts.  See 15 U.S.C. § 1692e; Hamilton v. United Healthcare of Louisiana, Inc., 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

71.    Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt.  15 U.S.C. § 1692e(2)(A).

72.     Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA.  See Randolph v. IMBS, Inc., 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); see also Turner v. J.V.D.B. & Associates, Inc., 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse"). 64.     Under the same general prohibition of false, misleading, or deceptive debt collection practices, the FDCPA prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false. . . ."  15 U.S.C. § 1692e(8).

73.     Portfolio violated 15 U.S.C. § 1692e(2)(a) by using false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's Debt, including by reporting false information to the credit reporting agencies concerning the Debt, and by failing to correct the false information once disputed.

74.     Portfolio violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

**COUNT V – Portfolio**

**Rosenthal Fair Debt Collection Practices Act – Cal Civ. Code § 1788.17**

75.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

76.     Portfolio violated the RFDCPA at Cal. Civ. Code § 1788.17 as a debt collector collecting or attempting to collect a consumer debt and failing to comply with the provisions of Sections § 1692e(2)(a) and § 1692e(8), inclusive, of, and shall be subject to the remedies in Section § 1692k of, Title 15 of the United States Code.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for

willful noncompliance of the Fair Credit Reporting Act and seeks her statutory remedies as defined by 15 U.S.C. § 1681 and demands:

    A.  Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

    B.  Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

    C.  The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

    D.  Any further legal and equitable relief as the court may deem just and proper in the circumstances.

    **WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Portfolio for noncompliance of the Fair Debt Collection Practices Act and seeks remedies as defined by 15 U.S.C. § 1692 and demands:

    A.  Adjudging that Portfolio violated 15 U.S.C. § 1692e;

    B.  Statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    C.  Actual damages to be proven at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

    D.  The costs of instituting this action together with reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    E.  Any further legal and equitable relief as the court may deem just and proper in the circumstances.

    **WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Portfolio for noncompliance of the Rosenthal Fair Debt Collection Practices Act and seeks remedies as defined by Cal. Civ. Code § 1788.30 and demands:

    A.  Adjudging that Portfolio violated Cal. Civ. Code § 1788.17;

    B.  Statutory damages, pursuant to Cal. Civ. Code § 1788.30b, in the amount of $1,000.00;

    C.  Actual damages to be proven at trial, pursuant to Cal. Civ. Code § 1788.30a;

    D.  The costs of instituting this action together with reasonable attorneys' fees and costs

1    incurred in this action pursuant to Cal. Civ. Code § 1788.30c;

2    E.    Any further legal and equitable relief as the court may deem just and proper in the

3    circumstances.

4    Respectfully submitted June 23, 2021

5                                                MCCARTHY LAW, PLC

6                                                By:*/s/Garrett Charity*

7                                                Garrett Charity, Esq.
                                                 Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28